Third case on the docket today, agenda number 3, number 129357, is People of the State of Illinois v. Anthony Harvey. Counsel, for the appellant, are you prepared to proceed? I am. Thank you. Good morning, Your Honors. Good morning, Counsel. May it please the Court, my name is Phil Payne from the State Appellate Department, and I'm here on behalf of the appellant, Anthony Harvey. We're here for this Court to settle a simple and discreet legal question. In prosecuting Anthony Harvey for unlawful use of a weapon based on his possession of a concealed handgun, did the State have to prove that Harvey had not been issued a currently valid license under the Firearm Concealed Carry Act? Although the parties had a shared understanding that the State did, in fact, have to prove beyond a reasonable doubt that Harvey had not been issued a valid CCL. But now, for the very first time, the State advances an entirely different interpretation. That the defendant may be prosecuted for unlawful use of a weapon for any violation of the FCCA, regardless of his CCL status. The State posits that Harvey's failure to present a CCL during a traffic stop is grounds for a UDW prosecution, because doing so violates the FCCA. But the State ignores that the FCCA provides its own means of enforcement. Section 70 of the FCCA, entitled Violations, prescribes the manner in which the State can prosecute a person for violating the requirements of the FCCA. And that section designates the failure to present one's CCL to an officer during a traffic stop as a Class B misdemeanor. That's in contrast to simple UDW, for which Anthony Harvey stands convicted, which is a Class A misdemeanor. The State makes no mention of the violations section of the FCCA, nor does it explain how the same conduct can be prosecuted under the FCCA itself, while simultaneously being prosecuted under the UDW statute. And there's a reason the State can't point to a UDW prosecution in Illinois for UDW based on one's failure to present a CCL in a traffic stop. Because the Legislature never intended for such conduct to be prosecuted as UDW. The Legislature included in Section 70 of the FCCA the following language. A licensee convicted or found guilty of a violation of this Act, who has a valid license and is otherwise eligible to carry a concealed firearm, shall only be subject to penalties under this section and not under the UDW statute. So the FCCA is a self-contained enforcement mechanism that the State's position would eviscerate. And so the State doesn't harmonize these two statutes so much as put them into a perverse conflict with one another. So if the FCCA covers violations of its own terms, then what does the UDW statute do? The UDW statute serves the distinct and more fundamental purpose of limiting the public carriage of firearms in Illinois to handguns that are concealed from public view and carried by individuals who have been issued a valid CCL. The UDW statute does this by way of a statutory exception that this Court is here to construe. And that statute, or that exception, reads that firearms that are carried or possessed in accordance with the FCCA by a person who's been issued a currently valid CCL are outside of the ambit of the statute. The State agrees. Counsel, you're contending that the State fell short in its evidence. What else should they have done to meet the statutory requirements? Well, the FCCA, and there's no doubt that the FCCA and the UDW statute have to be read in harmony. The FCCA provides a ready answer. The FCCA not only imposes discrete requirements on the individual for engaging in public carry in Illinois, but it also mandates that the Illinois State Police develop and maintain a database of all CCL folders. Well, I'm asking you, in this particular case, what are you contending that the State should have done that they didn't do? I believe the best practice would have been to, once Mr. Harvey was arrested, to consult the Illinois State Police database for CCL folders that is accessible by law to all law enforcement and State's Attorney's offices to ascertain whether Mr. Harvey had been issued a CCL. At that point, the State could have made an informed decision of whether to charge him under the FCC's case violations section or to pursue charges if he had been issued a currently valid CCL. Then that opens the door for a UDW prosecution. Counsel, in this instance, we have a situation where your client indicated that he did not have the necessary license and there were allegations of furtive movements that your client undertook. Why isn't that enough? Your Honor, that's not enough because the testimony to which you refer was a one-word answer that my client gave at the time of the traffic stop when the officers asked if he, quote, had a FOIA or a CCL. And the officer who asked that question clarified that he asked Harvey whether he possessed either one. Now, possession concerns whether someone had an object on them or at least readily accessible to that person. So the officer's question is trained at the issue of whether he had his CCL or his FOIA on him. At least that's what a reasonable person would interpret that question as being. That's how you're interpreting it. But when we look at this, are we looking at this in the light most favorable to the state? We are, Your Honor. This is a review of the sufficiency of the evidence. But lest Your Honor reason that because Harvey said he didn't have a CCL, that you could reasonably infer that he had not been issued a currently valid CCL, this Court has recently stated an essential element of proof to sustain a conviction cannot be inferred but must be established. And again, the law gives the state the tools by which to establish this negative. They can look on the ISP database and ascertain beyond any doubt whether this person has been issued a CCL. And that is what the case law is replete of instances of this that are cited in our briefs. People versus Diggins, people versus Stain. In most of these cases, when the state goes through the process of checking the ISP database, the defense readily stipulates because there's no point in disputing that fact process. But are those the standards we're looking at? You said best practice would be, and then you said they could establish beyond any doubt. But we don't deal in those standards, do we? Well, Your Honor, I submit that this very limited, bare bones bit of testimony that officers back here testified and described that my client said no one has to have a CCL simply does not amount to proof beyond reasonable doubt. It proves that he did not have his CCL on him or a CCL on him. But it does not do what the statute requires, which is to prove that he had not been issued a valid CCL. And lest there's any doubt that remains, even if this court finds that that one-word answer is sufficient to prove that he had not been issued a valid CCL, that's the only evidence on the element in this case. And this case still has to be reversed under the Courtless Dilect Act. That's why I asked you about the furtive movement. So the furtive movements that the officers attributed to Anthony Harvey at the time when they activated their emergency lights, those furtive movements may tend to prove that Harvey had constructive possession of the firearm that was found underneath the center console of the car. But it has no bearing on whether he had been issued a currently valid CCL. And the State, tellingly, in its brief, doesn't rely primarily on the furtive movements. It mentions it sort of in a passive way. It relies more on what Harvey would have done if he had been properly licensed. The State says a person in Harvey's shoes who had a CCL would have presented a CCL. Or if he didn't have it on him, he would have explained, oh, it's at my house. Well, the Corpus Dilecti Rule and the corroboration requirement of the Corpus Dilecti Rule doesn't deal in a negligent standard of what a reasonable person would have done. There still must be evidence, affirmative evidence, in the record to corroborate the actual admission. And there's just simply no such evidence in this case. So if there are no further questions, we ask that this Court reverse Anthony Harvey's conviction for UW. Thank you. Thank you very much, Counsel. Counsel Fappley. May it please the Court, Counsel. I'm Assistant Attorney General Erin O'Connell on behalf of the people. This case ultimately does come down to the sufficiency standard. In the briefing, we dealt with the statutory question, but the Court doesn't even need to really answer that question here because ultimately, even if the State bore the burden of proving beyond a reasonable doubt that defendant had not been issued a CCL, they met their burden of proof in this case. Central to that proof is the defendant's own statements at the traffic stop where he admitted that he did not have a FOIA card or a CCL. Did he say he didn't have a FOIA card or a CCL, or did he just say no in answer to the police officer's question? It's a little unclear in terms of specific words. I don't think they were direct quotes. But the officer testified that he asked the defendant if he had either the CCL or the FOIA card, and he said no. So it could have just been that he gave a negative answer in response. But what about your opponent's argument that each essential element of proof must be established by evidence and not inferred? Absolutely, and here the evidence is his confession that he doesn't have the concealed carry license. Now, the corpus delicti rule does come into this. Yes, and what's that? What establishes the corpus delicti? So the court can rely on the confession portion of it as the proof as long as that's corroborated. Now, in terms of the evidence that corroborates, and I don't want to cut Runner off, but the evidence that corroborates that he did lack the CCL is primarily his behavior at the traffic stop. And what was that? He didn't offer the CCL. He didn't tell officers that he had been issued a CCL that he didn't have. Is that his burden to offer evidence in that situation? If he were a licensee, he's required under the act to have his license at the stop. Wait a minute, but we've already established that he was asked, do you have this, and he said no. What else is he affirmatively required to do? He is also required to disclose the weapon to police conducting a traffic stop. No, with respect to whether or not he has the proper licensure to carry that, to carry the weapon, and whether he has a FOIA card or a CCL, he was asked and he said no. What else was he required to do with respect to that question, to establish what the state needs to establish to prove beyond a reasonable doubt that he lacked what he needed to have in order to comply with the statute? I guess there's a couple questions. I mean, he didn't need to do anything else because he had demonstrated he was in violation of the Fire Unconcealed Carry Act. Okay, let me ask you a different question. What constitutes the corpus delecti from your perspective? Because we agree that that's necessary, right? Absolutely. Okay, so tell me what that is. So under these facts, what is that? So the corpus delecti here is his constructive possession of the weapon, so the state had to prove that it was his own possession, and that was primarily why the state presented the testimony on the furtive movements to show that he was the one exercising the control. And then in addition, that the possession of the weapon was unlawful, and there's a number of elements that go into that. One of those elements, and the one that's discussed here, is that the state had to show that he did not possess the weapon in accordance with the Concealed Carry Act. So that's the element that renders this unlawful in this case. Now, I just want to stress, if he were a lawful licensee, the statute provides an absolute exemption for him. So regardless of the technical violation, he didn't have the cardicus out, he can come under 24-2 and demonstrate in court that he has the CCL and he's taken outside of the scope of the unlawful use of a weapon. What was he charged with? He was charged with the unlawful use of a weapon. And that was the charge, right? Correct. And what does that require to show? What is the state required to show that he violated that statute? In addition to the elements of his constructive possession of the firearm, the fact that he was not lawfully carrying the firearm in the, according to the regime that the legislature set forth in terms of the Concealed Carry. Now, I just did want to stress the exemption, because even if the state proves those elements, he still has an out, and he can still come into court and say he has a Concealed Carry license and he's not subject to liability. And that is, if he were a licensee, he would be prosecuted under the Firearm Concealed Carry Act. That's where the other provisions that he's asserting an identical elements violation. There's separate regimes for whether someone has a CCL and whether they don't. And he never did that? He never came forward with any evidence. He never even said, I have a license, I just don't have it on me. He never came forth with any evidence at all. And, I mean, it's absolute speculation here that the police didn't, at the time he said he didn't have a Concealed Carry license, didn't look at the database. I mean, there was just no evidence. Unfortunately, no evidence at trial about the database at all. Isn't that the state's responsibility, though, to put that evidence forward if they have it? Well, on sufficiency review, the question isn't whether the state presented all of the evidence. I mean, certainly the state has, in other cases, presented this evidence, and it's a possibility. The question is what happens when the state doesn't present that evidence. And here the defendant had admitted that he did not have the Concealed Carry license. So the state didn't have to come forward with the evidence from the database to show that. They could have, they did not. But the court has to look at his admission in the light most favorable to the state in determining whether his conviction violates the Constitution under due process. So what evidence corroborates the defendant's admission that he did not possess the necessary license? It's his furtive movements that appeared to be concealing the firearm at the time of the stop. And the court doesn't have to suspend common sense when it's looking at evidence. So it is common sense, and this was the first district reasoning in People v. Grant. It's common sense that someone who stopped, who does have a Concealed Carry license, will tell police he has a license. So it's not putting a special burden on him. It's just a natural human tendency to, if he does have a necessary licensure, tell the officers that, especially when, as here he's being asked by the officers, are you licensed, and he says no. That tends to corroborate that he had never been issued a Concealed Carry license, the fact that he didn't have it, he didn't offer it, and then he appeared to be concealing the firearm. If he were a lawful licensee, again, the goal at a traffic stop is safety. He would be expected to disclose the firearm and to cooperate with police, and he wasn't engaged in that type of thing. Counsel, Justice Holder-White asked the question a lot more artfully than I did, but I didn't hear your answer. What other evidence, other than his admission, constituted help to establish the corpus delicti and to corroborate the fact that he didn't have a license? What else did you say? I mean, you gave a long explanation, but I missed the core of it, so could you repeat it for my benefit? Sure. So the fact that at the time of the traffic stop, he was concealing the weapon rather than disclosing it to the officers constitutes circumstantial evidence corroborating his admission to officers that he did not have a concealed carry license. May I ask you how you think, and I will ask your opposing counsel the same question, how is it of the Concealed Carry Act, Section 10, G and H supposed to work? G says a licensee shall possess a license at all times. At all times, the licensee carries a concealed firearm. So the statute requires the license as well. If you're going to have this weapon, you have to have the license with you, kind of like if you're driving a car. Exactly. So that's what the statute says. And that addresses what seems to be at work here. If the officer of a law enforcement agency initiates a traffic stop, for example, upon request of the officer, the licensee or nonresident shall disclose to the officer that he or she is in possession of a concealed weapon under the Act or present the license upon the request of the officer if he or she is a licensee. Upon request of the officer, the licensee shall also identify the location of the concealed firearm and permit the officer to safely secure the firearm for the duration of the interrogative and investigative stop. During a traffic stop, any passenger within the vehicle who is a licensee must comply with the requirements of the subsection. So this, and the statute itself kind of talks about what has to happen in the situation of what we have here. Correct? Yes, exactly. So did what happened in this case comply with the statute? No. And one would expect. Maybe I'm more specific. Did this person, Mr. Harvey, comply with this statute in these facts? No. So he didn't comply with the terms of the Concealed Carry Act in addition to failing to be a licensee. So that's the state's argument is that he. What about the part where the officer asks, upon request of the officer, the licensee shall disclose to the officer that he or she is in possession of the weapon and that he is a licensee. The statute seems to put the burden on the licensee to respond to the question from the police officer, correct? Correct. And what happened here? Here he told the officers he did not have the concealed carry license that was required. He would have been required to carry as a lawful licensee. And how does this section of the statute figure into our sufficiency of the evidence analysis? Well, he clearly violated that provision of the statute, and so that corroborates. I mean, he did admit to officers he didn't have a concealed carry license. The fact that he didn't comply with the act and didn't produce the license corroborates his admission that he didn't have one that had been issued. So that's the argument under corpus delicti. The court can certainly look at his admission. There has to be some circumstantial evidence corroborating it. But the fact that he didn't act like a lawful licensee corroborates his admission. The court can rely on that and find that a rational fact finder could find that he had not been issued the CCL and that the state carried their burden of proof. So the court has no further questions. We would ask that it affirm the defendant's conviction and the judgment of the appellate court below. Thank you very much. Any rebuttals? Thank you. Now, based on the state's presentation today, it appears that they've abandoned their statutory interpretation argument that took up the bulk of their brief, where they argued that any violation of the FCCA is punishable as UDW. And that's for a very good reason that's explained at length in our reply brief. The sufficiency standard that's at issue here does take the evidence in the light most favorable to the state. But that doesn't mean that we bend backward to affirm. The unclear testimony that counsel referred to, whether the officer's question to Mr. Harvey referred to whether he had his CCL on him or whether he had never been issued that CCL in the first place, that is the burden of proof that's placed on the state. And if the state wanted to extinguish any ambiguity or lack of clarity on that term, then the officer could have asked a follow-up question, or the state is never required to rely on the defendant to tell it himself. That's what the ISP database exists for. And that's the entire backdrop of this case, is that the FCCA provides the regulatory regime for conducting these types of prosecutions. So, counsel, as we're discussing, given that we're to look at this in the light most favorable to the state, if you have a statement and it can be reasonably interpreted in more than one way, aren't we required to interpret it in the way that's most favorable to the state as we're looking at this evidence? I think that the testimony in this case, where the officer specifically clarified his answer, that he asked Mr. Harvey whether he possessed either one, either a FOIA or a CCL, this is in the context of a possessory crime. Possession has a very clear meaning here. It means whether you have this item on you. And in light of that fact, I think the only reasonable interpretation of this testimony is that what the admission admitted to in this case was that he didn't have it on him. But, again, that's not the end of the inquiry because we still have this corpus delicti problem. And, Justice Tice, you referred to what the FCCA, the burdens that the FCCA places upon the carrier of a firearm in Illinois to carry the license on them while they're engaging in public carry, to turn it over and to identify the location of a firearm upon officer request, et cetera, et cetera. All of those are violations of the FCCA. But, again, the FCCA enforces itself. It has its entire own enforcement mechanism that prescribes a specific punishment for those violations, a class B misdemeanor. Here, this is a separate offense meant for a separate purpose, and it's a higher classification. So the same evidence can't prove both of these offenses. We run into an identical elements problem if we do so. With respect to the exemption that counsel referred to in Section 24-2 of the UW statute, that exemption on its face appears to impose upon the defendant the burden to prove that he had a valid CCL. And that's where the constitutional issue kind of looms in the background of this case. A statutory regime regulating firearm possession cannot impose upon the defendant the burden to prove that he was lawfully carried. The state must prove that the carrying was illegal. The state also says if he were a licensee, he would have been convicted under the FCCA. And, again, that applies in the face of what the state's brief argued vociferously for this court. And to touch on people versus grant, again, you can't require that the defendant prove that his possession is lawful. So even if a defendant doesn't explain why he's possessing a gun or where his license is, if he does so, if he admits, oh, you know, I've never applied for a CCL, never had one, I don't even know what a CCL is, what does that mean? That would be a very different case. But you cannot foist upon the defendant the burden to prove that he had a CCL. The state must prove that negative, and the FCCA provides the means by which it can discharge that burden. Finally, the state argues that it never – that it proved that Harvey did not have a license. We're still awaiting that evidence. We don't know. We're operating in a vacuum of ignorance here. We don't know if Anthony Harvey has a CCL because the state didn't do what the FCCA envisions, which is to produce documentary evidence from the ISP database to prove the matter once and for all. So if there are no further questions, we ask that this court reverse Anthony Harvey's conviction for unlawful use of a weapon. Thank you. Thank you, counsel. Thank you very much. This case, number – agenda number 3, 129357, People of the State of Illinois v. Anthony Harvey will be taken under – Harvey will be taken under advisement. Thank you both very much for your arguments.